IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM BOYLES, § 
§ 
   Defendant Below, § No. 328, 2025
   Appellant, § 
§ Court Below: Superior Court
   v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 2401000666 (K)
§          2404014549 (K)
   Appellee. § 

Submitted: October 8, 2025
Decided: October 20, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On July 24, 2025, the appellant, William Boyles, filed a letter that was deemed to be a notice of appeal from his June 16, 2025 violation of probation ("VOP") adjudication and sentence. After Boyles filed a formal notice of appeal that confirmed that Boyles was seeking to appeal the VOP, not a later order denying his motion for review of sentence, the Senior Court Clerk issued a notice directing Boyles to show cause why the appeal should not be dismissed as untimely filed.

(2) In response to the notice to show cause, Boyles argues that he is unfamiliar with the legal process, had limited access to the law library, and acted

according to advice from law library staff.  In light of recent amendments to 10 *Del. C.* § 147 and Supreme Court Rule 6, which establish circumstances in which appeals filed by self-represented inmates will be deemed timely filed even if not received in the Clerk's office by the last day of the thirty-day appeal period,[1] the Court directed the State to respond.  The State has provided information from the prison as to Boyles's incoming and outgoing mail, which reflects that Boyles sent legal mail to this Court on July 18 and 21, 2025.  The State asserts that because Boyles did not place the notice of appeal in the prison mail system on or before the last day for filing, the appeal is not timely.

(3)     The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period.[2]  Unless the appellant satisfies 10 *Del. C.* § 147(b)(1) and Rule 6(a)(iii)(C) or can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, a notice of appeal must be received by the Court within the applicable time period to be effective.[3]

---

[1] *See* 10 *Del. C.* § 147(b)(1) (effective May 22, 2025) (providing that an appeal filed by a pro se inmate who is confined in a correctional institution is timely filed if (1) the notice of appeal is placed in the institution's internal mail system on or before the last day for filing; (2) the first-class postage is prepaid; and (3) the notice of appeal is accompanied by a receipt from the institution's staff verifying the date and time the notice of appeal was placed in the institution's internal mail system); DEL. SUPR. CT. R. 6(a)(iii)(C) (as amended July 14, 2025) (similar).  Section 147 also requires prison staff to give the inmate a receipt identifying the staff member who received the inmate's notice of appeal, the date and time the notice of appeal was placed in the institution's internal mail system, and the case number.  10 *Del. C.* § 147(b)(2).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Price v. State*, 2025 WL 2304986 (Del. Aug. 8, 2025).

(4) The Superior Court docket reflects that Boyles received an Advice Regarding Appeal from Violation of Probation form on June 16, 2025, the day of the VOP hearing, which advised that he had thirty days to file a notice of appeal in this Court. Boyles does not contend, nor do prison records reflect, that he placed the notice of appeal in the prison's internal mail system on or before July 16, 2025, the last day for filing an appeal from the imposition of the VOP sentence.[4] Nor has he demonstrated that the untimely filing is attributable to court-related personnel.[5] The appeal therefore must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] DEL. SUPR. CT. R. 6(a)(iii)(A); *id.* R. 11(a); *see also Scruggs v. State*, 2018 WL 2058187, at *1 (Del. May 1, 2018) (stating that VOP appeal was untimely because it was not filed within thirty days of imposition of VOP sentence, as required by Rule 6(a)(iii), as then in effect).
[5] *See Price*, 2025 WL 2304986, at *1 (holding that appellant's contention that "prison law library procedures are 'severely flawed' and hindered his ability to file his appeal on time" did not demonstrate that untimely filing was attributable to court-related personnel).